

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN
~~JOHN BENXNOONTYORII~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable R. J. Noonan
.District Attorney.
Hondo, Texas

Dear Sir:

Opinion No. O-2229
Re: Registration of automobile
in county other than resi-
dence of registrant.

We have for reply your letter of April 15, 1940, requesting the opinion of this department upon the following question, which we quote from your request:

"Does a person who secures an automobile license in a county other than the county of his residence violate the criminal laws of Texas?"

Article 6675a-2, Vernon's Annotated Civil Statutes, provides for the registration of motor vehicles and reads in part as follows:

"Every owner of a motor vehicle, trailer or semi-trailer used or to be used upon the public highways of this State, and each chauffeur, <u>shall apply each year to the State Highway Department through the County Tax Collector of the County in which he resides for</u> the registration of each such vehicle owned or control-led by him, or for a chauffeur's license, for the en-suing or current calendar year or unexpired portion thereof; . . ." (Underscoring ours).

Article 804 of Vernon's Annotated Penal Code provides that:

"Whoever operates upon any public highway a motor vehicle which has not been registered as required by law shall be fined not to exceed two hundred dollars."

Consequently, it may be seen that Article 804 of Vernon's Annotated Penal Code, has made it unlawful for one to operate an automo-bile which has not been registered as required by law and Article 6675a-2 has imposed a requirement on applicants for registration that motor ve-hicles be registered in the county of their residence.

With this in mind, your question is whether or not Article 6675a-2a of Vernon's Annotated Civil Statutes qualifies the requirement of registration in the county of applicant's residence or obviates such

requirement to the extent that registration in a county other than that of applicant's residence is not a misdemeanor under Article 804, V.A.P.C. Article 6675a-2a, V.A.C.S., reads as follows:

> "Nothing in this Act shall authorize any person to be subject to penalty of this law on account of his place of residence in this State, nor the occupation pursued."

Our Texas Court of Criminal Appeals had the very question you propound before it in 1936 in the case of Opp v. State, 130 Tex. Crim. Rep. 314, 94 S.W. (2d) 180. There appellant lived in Bexar County, Texas, and operated his truck in that county. However, he registered it in LaSalle County, Texas, and was convicted in the lower court for operating an unregistered automobile. On appeal the Court of Criminal Appeals said:

> "The only question involved is whether owners of cars residing in this state may operate them under number plates and license obtained as a result of registration of such cars in a county other than the one of the owner's residence. We think the law requires the registration of the car in the county of the residence. Looking to chapter 23, Acts Fifth Called Session, 41st Legislature, 1930(Vernon's Ann. Civ. St. Art. 6675a-1 et seq.), we observe that in section 2 (Vernon's Ann. Civ. St. art. 6675a-2) thereof it is stated in so many words that an applicant for the registration of a car must register the same in the county where he resides. Appellant contends that section 2a of said enactment (Vernon's Ann. Civ. St. art. 6675a-2a) was intended to mean that a citizen in this state who sees fit to register his car in some county other than the one of his residence may do so and cannot be prosecuted for the operation of such car upon the ground that he did not register it in the county of his residence. Said section 2a is as follows: 'Nothing in this Act shall authorize any person to be subject to penalty of this law on account of his place of residence in this State, nor the occupation pursued.' We are not particularly interested how said section 2a got in said act, but note that it was not comprehended by the caption, which specifies definitely what the intended amendments to the automobile registration law should be. The said section 2a is entirely meaningless. Nothing in the amended act seems to seek to subject any one to punishment because of his place of residence or occupation. To hold as appellant contends would be to say that though in one place the Legislature definitely laid down the

> requirement of registration in the county of residence, in the next paragraph of the same act they said this requirement meant nothing, and that cars could be register- anywhere the owner desired. We note that in two cases our Courts of Civil Appeals have held that cars may only be registered in the county of the owner's residence. See Miller et al. v. Foard County et al., 59 S.W. (2d) 277, and Cass County v. Morris County, 9 S.W. (2d) 375." (Underscoring ours).

It is therefore the opinion of this department and you are respectfully advised that a person registering his automobile in a county other than that of his residence will be guilty of violating Article 804 of the Penal Code when he operates the same upon the public highways of this state under such registration. This is with the qualification, however, that an "owner" as that term is used in Article 6675a-2, V.A.C.S., may be a person who has the legal title, legal possession, or legal control of the vehicle. See Opinions O-2050 and O-2105, copies of which are enclosed.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By
/s/ Walter R. Koch

Walter R. Koch
Assistant

By
/s/ James D. Smullen
James D. Smullen

JDS:jm:egw

APPROVED APR 29, 1940

/s/ GERALD C. MANN

ATTORNEY GENERAL OF TEXAS

APPROVED: Opinion Committee
By BWB
CHAIRMAN
